|  |  |
|---|---|
| 1 | William B. Sullivan [CSB No. 171637] |
| 2 | Jason L. Nienberg [CSB 239959]<br>**SULLIVAN & CHRISTIANI, LLP** |
| 3 | 2330 Third Avenue<br>San Diego, California 92101 |
|   | (619) 702-6760 * (619) 702-6761 FAX |

FILED

2009 JUN -4 PM 1:20

Attorneys for Plaintiff SEAN HARDING, individually and on behalf of other members of the general public similarly situated

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| SEAN HARDING, individually and on behalf of other members of the general public similarly situated, | ) ) ) | CASE N0. 09 CV 1212 WQH  WMc |
|---|---|---|
|  | ) | CLASS AND COLLECTIVE ACTION |
| Plaintiff, | ) ) | COMPLAINT FOR: |
| v. | ) ) | 1. VIOLATION OF FAIR LABOR STANDARDS ACT; |
| TIME WARNER, INC., a Delaware Corporation; and DOES 1-50, Inclusive | ) ) ) | 2. VIOLATION OF CALIFORNIA LABOR CODE; and |
| Defendants | ) ) ) | 3. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 |

COMES NOW Plaintiff SEAN HARDING, ("Plaintiff"), individually and on behalf of all others similarly situated, and alleges for his Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, Plaintiff SEAN HARDING was and is an individual residing in the County of San Diego, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant TIME WARNER, INC. (Hereinafter "TIME WARNER"), was and is a Delaware Corporation doing business throughout the country, including the County of San Diego, State of California. Venue is proper because certain acts constituting the below violations were committed in San Diego County.



3. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are and at all times herein mentioned were either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos or other legal entities which were licensed to do and/or were doing business in the County of San Diego, state of California at all times relevant to the subject matter of this action.

6. The Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA") authorizes Court actions by private parties to recover damages for violations of the FLSA's Wage and Hour Provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims that they form part of the same case of controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the amount in

controversy exceeds Five-Million Dollars ($5,000,000.00), exclusive of interest and costs, and because the parties are diverse.

## COLLECTIVE AND CLASS ALLEGATIONS

8. Class Representative Plaintiff SEAN HARDING brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and as the Named Plaintiff of the following persons:

> all current and former non-exempt employees of TIME WARNER who have worked in the United States at any time during the last three years.

9. Class Representative Plaintiff SEAN HARDING brings Count II (Violation of California Labor Code) as a class action pursuant to Fed.R.Civ.P. 23, on behalf of himself and as the Class Representative of the following persons:

> all current and former non-exempt employees of TIME WARNER who have worked in the state of California within the last three years.

10. Class Representative Plaintiff SEAN HARDING brings Count III (violation of California Business & Professions Code §§ 17200, et seq.) as a class action pursuant to Fed.R.Civ.P. 23, on behalf of himself and as the Class Representative of the following persons:

> all current and former non-exempt employees of TIME WARNER who have worked in the state of California within the last four years.

11. The FLSA claim is pursued on behalf of those who opt-in to this case, pursuant to 29 U.S.C. §216(b).

12. The state law claims, if certified for class wide treatment, is pursued on behalf of all similarly situated persons who do not opt-out of the class.

13. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, TIME WARNER's practice of failing to accurately record all hours worked, failing to pay employees for all hours worked, including overtime compensation, and failing to properly calculate and pay overtime compensation that was recorded. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of TIME WARNER and potential class members may easily and quickly be notified of the pendency of this action.

14. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed.R.Civ.P. 23.

15. The class satisfies the numerosity standards. The class is believed to number in the many thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

16. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from TIME WARNER's actions include, without limitation, the following:

   i) Whether TIME WARNER failed to pay its employees the straight-time and overtime wages due and owing to them;

   ii) Whether TIME WARNER failed to provide uninterrupted meal and rest periods;

   iii) Whether TIME WARNER failed to pay all compensation due and owing at termination of employment;

   iv) Whether TIME WARNER failed to properly calculate and pay overtime in accordance with federal and state law; and

   v) Whether TIME WARNER's conduct constituted a violation of the California Business and Professions Code §§ 17200, et seq.

17. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity to other available methods for the fair and efficient adjudication of the state law claims.

18. Class Representative Plaintiff's claims are typical of those of the class, in that class members have been employed in the same or similar positions as Class Representative Plaintiff and were subject to the same or similar unlawful practices as Class Representative Plaintiffs.

19. A class action is the appropriate method for the fair and efficient adjudication of this controversy. TIME WARNER has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk

of inconsistent and varying adjudications, establish incompatible standards of conduct of TIME WARNER, and/or substantially impair or impede the ability of class members to protect their interests.

20. Class Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Class Representative Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

21. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938
(Brought Against TIME WARNER, INC. and DOES 1-10 by HARDING individually and on behalf of all others similarly situated)

22. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-21.

23. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

24. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

25. TIME WARNER is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

26. TIME WARNER violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, TIME WARNER has also willfully failed to

|   |   |   |
|---|---|---|
| 1 |     | keep accurate records of all hours worked by its employees. |
| 2 | 27. | Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff Class. |
| 4 | 28. | Plaintiffs and all similarly situated employees are victims of a uniform and company wide compensation policy. Upon information and belief, TIME WARNER is applying this uniform policy to all current and former non-exempt employees, employed nationwide within the last three years. |
| 8 | 29. | Plaintiffs and all similarly-situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because TIME WARNER acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA. |
| 12 | 30. | TIME WARNER has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find TIME WARNER did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiffs and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate. |
| 20 | 31. | As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by TIME WARNER from Plaintiff and all similarly situated employees. Accordingly, TIME WARNER is liable for compensatory damages pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs of this action. |

////

## COUNT II
## VIOLATION OF CALIFORNIA LABOR CODE
**(Brought Against TIME WARNER, INC. and DOES 1-10 by HARDING individually and on behalf of all others Similarly Situated)**

32. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 31.

33. Plaintiff alleges that TIME WARNER maintained (and maintains) a practice of paying employees without regard to the number of hours actually worked. TIME WARNER's practice included the "rounding" of reported time worked - to the nearest 15 minutes - without ensuring that the employees were paid for all time actually worked. In doing so, TIME WARNER inaccurately under-reported the amount of time worked by Plaintiff, and subsequently under-paid the Class. The specific allegations of California Labor Code violations are as follows:

   i) TIME WARNER failed to keep accurate "Time records," in violation of California IWC Wage Order(s);

   ii) TIME WARNER failed to provide "all wages" in a compliant manner, in violation of California Labor Code § 204;

   iii) TIME WARNER failed to provide Overtime Compensation in a compliant manner, in violation of California Labor Code §§ 510 and 1194;

   iv) TIME WARNER failed to provide uninterrupted Meal Periods, in violation of California Labor Code §§ 226.7, 512 and IWC Wage Order(s);

   v) TIME WARNER failed to provide accurate Itemized Wage Statements, in violation of California Labor Code § 226; and

   vi) TIME WARNER failed to comply with California Labor Code § 203 with respect to former employee who were discharged, or who quit, employment.

34. Because of TIME WARNER's failures as alleged herein, Plaintiff and the Class did not receive compensation for all hours actually worked for TIME WARNER, and have been damaged.

35. TIME WARNER's respective failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to Plaintiff under California Labor Code sections 204 and 218, as well as recovery of interest, reasonable attorneys' fees, and costs of suit under California Code sections 218.5 and 218.6.

////

**COUNT III**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**
(Brought Against TIME WARNER, INC. and DOES 1-10 by HARDING individually and on behalf of all others similarly situated)

36. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1-35.

37. TIME WARNER's actions, including but not limited to the failure to maintain accurate employee time records, the failure to pay all wages earned, and the failure to pay overtime compensation, constitute fraudulent and/or unlawful and/or unfair business practices in violation of California Business and Professions Code §§ 17200, et seq. ("UCL").

38. Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth above, TIME WARNER committed acts of illegal and unfair competition, as defined by Bus. & Prof. Code § 17200, by failing to adequately and properly compensate its employees for work performed on behalf of TIME WARNER. These acts and practices violate the UCL in that:

   a) the above-described failure to pay wages owed to Plaintiff and the Class constituted a illegal, and fraudulent and/or deceptive business act or practice within the meaning of the UCL;

   b) the above-described failure to pay wages owed to Plaintiffs and the Class constituted an unlawful business practice under the UCL in that the failure violates the FLSA as described herein; and California Civil Code § 1770(a)(5), which bars "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have..."; and

   c) the harm of the above-described failure to pay wages owed to Plaintiff and to the Class outweighs the utility of the practices by TIME WARNER and, consequently, constitutes an unfair business act or practice within the meaning of the UCL.

39. Upon information and belief, TIME WARNER continues its fraudulent and/or unlawful and/or unfair conduct as previously described. As a result of said conduct, TIME WARNER has

1  fraudulently and/or unlawfully and/or unfairly obtained monies due to Plaintiff and the Class
2  and are unfairly competing in the marketplace.

3  40.  Plaintiff and all individuals within the Plaintiff Class are entitled to restitution of monies due,
4       as well as disgorgement of the ill-gotten gains obtained by TIME WARNER, for a period of
5       four years predating the filing of this Complaint.

6  41.  As a direct and proximate result of TIME WARNER's conduct, Plaintiff is entitled to a
7       preliminary and permanent injunction enjoining TIME WARNER from continuing the
8       fraudulent and/or unlawful and/or unfair practices described above, and to such other relief as
9       is appropriate under California Business and Professions Code §17202.

10 42.  Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the general public
11      in causing TIME WARNER to cease its fraudulent and/or unlawful and/or unfair business
12      practices, in an amount according to proof, pursuant to California Code of Civil Procedure §
13      1021.5 and any other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief as follows:

1.  An order certifying the Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);
2.  An order certifying that Counts II-III of the action may be maintained as an "opt-out" class action pursuant to Fed.R.Civ.P 23.
3.  Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid balance of compensation owed by TIME WARNER.
4.  An order enjoining TIME WARNER from pursuing the unlawful policies, acts and practices complained of herein.
5.  Attorneys' fees pursuant to, *inter alia*, California Labor Code § 1194(a); the Labor Code Private Attorneys General Act of 2004; and pursuant to the Fair Labor Standards Act of 1938;

6. Costs of this suit;

7. Pre and post judgment interest; and

8. Such other and further relief as the Court deems just and proper.

Dated: 4 JUNE 09

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan,
Jason L. Nienberg
Attorneys for Plaintiff SEAN HARDING,
individually and on behalf of other members
of the general public similarly situated

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEAN HARDING, individually and on behalf of members of the general public similarly situated,

**DEFENDANTS**
TIME WARNER, INC., a Delaware Corporation, and DOES 1-50, Inclusive

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue, San Diego, CA 92101; (619) 702-6760

Attorneys (If Known)
'09 CV 1212 WQH WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201, et seq.
Brief description of cause:
Failure to calculate and pay employees for all hours worked; failure to properly record all hours worked.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 4, 2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 11666   AMOUNT 350,   APPLYING IFP   JUDGE   MAG. JUDGE

6/4/09

# CIVIL CASE COVER SHEET

# ATTACHMENT I.c.

The attorneys of record in this case are as follows:

(1)   William B. Sullivan [CSB No.: 171637]

(2)   Jason L. Nienberg [CSB No.: 239959]

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS001666
Cashier ID: sramirez
Transaction Date: 06/04/2009
Payer Name: SULLIVAN AND CHRISTIANI
----------------------------------------
CIVIL FILING FEE
 For: HARDING V. TIME WARNER
 Case/Party: D-CAS-3-09-CV-001212-001
 Amount:          $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 6872
 Amt Tendered:    $350.00
----------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00

There will be a fee of $45.00
charged for any returned check.
```