# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HARDING, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>TIME WARNER, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 09cv1212-WQH-WMc<br><br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the Motion to Dismiss, filed by Defendant Time Warner, Inc. ("Time Warner") on June 30, 2009. (Doc. # 6).

## I.　Background

　　　On June 4, 2009, Plaintiff filed the Complaint, alleging federal question jurisdiction pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. (Doc. # 1 ¶ 6). The Complaint has three Counts, each a purported collective or class action.

　　　Count I is a FLSA claim, brought on behalf of Plaintiff and the following: "all current and former non-exempt employees of Time Warner who have worked in the United States at any time during the last three years." (Doc. # 1 ¶ 8). Count I alleges: "Time Warner violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, Time Warner also willfully failed to keep accurate records of all hours

worked by its employees." (Doc. # 1 ¶ 26). "As a result of the ... willful violations of the FLSA's overtime pay provisions," Plaintiff seeks compensatory damages, liquidated damages, interest, attorney's fees and cost. (Doc. # 1 ¶ 31).

Count II is a claim for violation of the California Labor Code, brought on behalf of Plaintiff and "all current and former non-exempt employees of Time Warner who have worked in the state of California within the last three years." (Doc. # 1 ¶ 9). Count II alleges:

> Time Warner maintained (and maintains) a practice of paying employees without regard to the number of hours actually worked. Time Warner's practice included the 'rounding' of reported time worked–to the nearest 15 minutes–without ensuring that the employees were paid for all of the time actually worked. In doing so, Time Warner inaccurately under-reported the amount of time worked by Plaintiff, and subsequently underpaid the Class.

(Doc. # 1 ¶ 33). Count II further alleges that Time Warner violated the California Labor Code by failing to: "keep accurate 'Time records'"; "provide 'all wages' in a compliant manner"; "provide Overtime Compensation in a compliant manner"; "provide uninterrupted Meal Periods"; "provide accurate Itemized Wage Statements"; and "comply with California Labor Code § 203 with respect to former employee[s] who were discharged, or who quit, employment." (Doc. # 1 ¶ 33 (quoting Cal. Labor Code § 204)). As a result of Time Warner's alleged violations of the California Labor Code, Plaintiff seeks "to recover wages due to Plaintiff ..., as well as recovery of interest, reasonable attorneys' fees, and costs." (Doc. # 1 ¶ 35).

Count III is a claim for violation of the California Business and Professions Code, brought on behalf of Plaintiff and "all current and former non-exempt employees of Time Warner who have worked in the state of California within the last four years." (Doc. # 1 ¶ 9). Count III alleges that "Time Warner's actions, including but not limited to the failure to maintain accurate employee time records, the failure to pay all wages earned, and the failure to pay overtime compensation, constitute fraudulent and/or unlawful and/or unfair business practices in violation of California Business and Professions Code §§ 17200, et seq." (Doc. # 1 ¶ 37). As a result of the violations alleged in Count III, Plaintiff seeks restitution, preliminary and permanent injunctive relief, attorneys' fees and costs. (Doc. # 1 ¶¶ 40-42).

On June 30, 2009, Time Warner filed the Motion to Dismiss the Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6), contending that "Plaintiff's Complaint is composed of boilerplate recitations of legal elements and conclusory assertions of liability, but is devoid of the facts required to show an entitlement to relief," and therefore fails to conform to the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure. (Doc. # 6-2 at 4). Time Warner contends that "the Complaint's lone allegation of fact" is that "'Time Warner's practices included 'rounding' of reported time worked–to the nearest 15 minutes–without ensuring that the employees were paid for all time actually worked.'" (Doc. # 6-2 at 11 (quoting Compl. ¶ 33)). Time Warner contends that "the practice of rounding time entries to the nearest 15 minutes is permissible in California. Moreover, Plaintiff's Complaint is devoid of any facts that would explain how this rounding practice failed to compensate Plaintiff for all hours actually worked." (Doc. # 6-2 at 12 (citing the California Division of Labor Standards Enforcement's Enforcement Policies and Interpretations Manual ("DLSE Manual")).

On July 27, 2009, Plaintiff filed an opposition to the Motion to Dismiss, contending that the Complaint complies with Federal Rule of Civil Procedure 8, and "the purpose of the discovery process is to flesh out the claims that are made in the Complaint." (Doc. # 7 at 7). According to Plaintiff, "this case centers around allegations of illegal 'rounding' of employees['] time worked by [Time Warner]." (Doc. # 7 at 4). Plaintiff contends that "the California Supreme Court has expressly rejected the assertion that a DLSE Manual is precedential authority." (Doc. # 7 at 3). Plaintiff also contends that the "rounding" allegation sufficiently alleges that employees were not "paid for all the time they have actually worked." (Doc. # 7 at 3-4).

On August 3, 2009, Time Warner filed a reply brief in support of the Motion to Dismiss, contending that "Plaintiff abandons all claims but his rounding claim," because Plaintiff only addressed the "rounding" claim in his brief. (Doc. # 9 at 2). Time Warner maintains that "rounding" is allowed by federal and state law, and Plaintiff's allegations related to the "rounding" claim fail to satisfy the pleading standards of Rule 8. (Doc. # 9 at 6-7).

**II.     Standard of Review**

1 | Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Since 1957, courts addressing Rule 12(b)(6) motions to dismiss have applied the standard announced in *Conley v. Gibson*, "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). In 2007, the Supreme Court held that the *Conley* standard had "earned its retirement," and implemented a new standard for addressing whether a complaint states a claim upon which relief may be granted. *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 (2007); *see also Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions...") (quotation omitted) (citing Federal Rule of Civil Procedure 8).[1]

In *Moss v. U.S. Secret Service*, 2009 WL 2052985 (9th Cir., July 16, 2009), the Ninth Circuit summarized the "recent developments in the Supreme Court's pleadings jurisprudence." "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* at *6 (quoting *Iqbal*, 129 S. Ct. at 1949). The Ninth Circuit explained:

> '[B]are assertions ... amounting to nothing more than a formulaic recitation of the elements' ..., for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth. Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. Thus, in *Iqbal*, the Court assigned no weight to the plaintiff's conclusory allegation that former Attorney General Ashcroft and FBI Director Mueller knowingly and willfully subjected him to harsh conditions of confinement 'solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'

*Id.* at *5 (quoting *Iqbal*, 129 S. Ct. at 1951 (internal quotations omitted)). "After dispatching the complaint's conclusory allegations," a court next must apply "*Twombly*'s plausibility standard." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks

---

[1] Federal Rule of Civil Procedure 8 provides, in part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  for more than a sheer possibility that a defendant has acted unlawfully. ... Where a complaint
2  pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line
3  between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949
4  (quoting *Twombly*, 550 U.S. at 556-57); *see also Moss*, 2009 WL 2052985, at *5.  This new
5  standard is not a "heightened fact pleading" requirement, but "simply calls for enough fact to
6  raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*,
7  550 U.S. at 556.

**III.   Discussion**

The Complaint alleges that Time Warner failed to do the following: "pay and properly calculate overtime"; "keep accurate records of all hours worked by its employees"; "provide all wages in a compliant manner"; "provide uninterrupted Meal Periods"; "provide accurate Itemized Wage Statements"; and "comply with California Labor Code § 203" (Doc. # 1 ¶¶ 26, 33, 37).  Each of these allegations are "conclusory allegations," as defined by *Twombly*, and will be "assigned no weight."  *Moss*, 2009 WL 2052985, at *5; *cf. Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, ---, 2009 LEXIS 15279, at * 10-*11 (9th Cir., July 10, 2009) ("Plaintiffs' allegations do not support the conclusion that Wal-Mart is Plaintiffs' employer.  Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.") (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1953); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (holding that the following allegations are too conclusory to satisfy the *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA" and "Defendant ... regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours actually worked" and "Defendant ... fail[ed] to keep accurate time records to avoid paying them overtime wages and other benefits"); Nienberg Decl., Ex. 2, Doc. # 7-4 (slip op. in *DeLeon v. Time Warner*, No. CV 09-2438 (C.D. Cal., July 17, 2009) (same)).

The Complaint also alleges that Time Warner violated the California Labor Code by "maintain[ing] ... a practice of paying employees without regard to the number of hours actually worked." (Doc. # 1 ¶ 33). The Complaint alleges that this "practice included the 'rounding' of reported time worked–to the nearest 15 minutes–without ensuring that the employees were paid for all of the time actually worked. In doing so, Time Warner inaccurately under-reported the amount of time worked by Plaintiff, and subsequently underpaid the Class." (Doc. # 1 ¶ 33). Other than the allegation that Time Warner had a practice of "rounding," these allegations are too generic and conclusory to satisfy the standard announced in *Twombly*. *Cf. Jones*, 538 F. Supp. 2d at 1102 ("[W]here the plaintiff alleges violations of the FLSA's minimum wage provision, the complaint should, at least approximately, allege the hours worked for which these wages were not received. ... Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions."). "After dispatching the ... conclusory allegations," *Moss*, 2009 WL 2052985, at *5, the bare factual allegation of a practice of "rounding" of reported time worked to the nearest 15 minutes, fails "to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556; *cf.* 29 C.F.R. § 785.48(b) ("It has been found that in some industries, ... there has been the practice for many years of recording the employees' starting time and stopping time to the nearest ... quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work.").

The Complaint fails to allege sufficient "non-conclusory factual content" to be "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 2009 WL 2052985, at *6. Therefore, it fails to satisfy Rule 8 and must be dismissed.

//
//
//
//

**IV.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**.  (Doc. # 6). The Complaint is **DISMISSED** without prejudice.  No later than twenty days from the date of this Order, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed amended complaint.  If Plaintiff does not file a motion for leave to amend within twenty days, the Court will order this case to be closed.

DATED:  August 18, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge