# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HARDING, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>vs.<br>TIME WARNER, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 09cv1212-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Amend the Complaint, filed by Plaintiff. (Doc. # 14).

## I.  Background

On June 4, 2009, Plaintiff filed a Complaint with three counts, each a purported collective or class action brought on behalf of current and former employees of Defendant. (Doc. # 1). The Complaint alleged that Defendant's wage payment practices violate the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., the California Labor Code, §§ 204 and 218, and California Business and Professions Code § 17200.

On June 30, 2009, Time Warner filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 6).

On August 18, 2009, the Court granted the Motion to Dismiss and dismissed the Complaint without prejudice. (Doc. # 10). The Court concluded that the Complaint failed to satisfy the pleading standards of Federal Rule of Civil Procedure 8.

1    On September 2, 2009, Plaintiff filed a Motion for Leave to Amend, accompanied by
2 a proposed first amended complaint. (Doc. # 14). According to Plaintiff, the "proposed [first
3 amended complaint] sets forth its primary amendments in the factual allegations of Paragraphs
4 29 through 34 and 39 through 46. ... Defendant's practice of 'rounding' Class Members' times
5 worked to the nearest quarter-hour violates both federal and California law." (Doc. # 14 at 2).
6    On September 25, 2009, Defendant filed an opposition to the Motion for Leave to
7 Amend. (Doc. # 16). Defendant contends that "Plaintiff's Motion for Leave to Amend must
8 be denied because ... Plaintiff's Proposed First Amended Complaint is subject to dismissal
9 under Rule 12(b)(6), and therefore to allow amendment would be futile." (Doc. # 16 at 14).
10   On October 2, 2009, Plaintiff filed a reply brief in support of the Motion for Leave to
11 Amend. (Doc. # 18).

## II.   Discussion

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the

remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999) ("Because this litigation is still in its early stages, leave should be liberally granted unless amendment would be futile.")). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539 (citation omitted).

Defendant does not contend that the proposed first amended complaint would impose undue prejudice or that Plaintiff has exhibited undue delay or bad faith. Defendant's sole argument against granting leave to amend is futility. "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). After reviewing the proposed first amended complaint, the Court finds that this procedure is appropriate in this case.

## III.   Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to Amend is **GRANTED**. (Doc. # 14). No later than **twenty (20) days** from the date this Order is filed, Plaintiff may file the proposed first amended complaint, attached to the Motion for Leave to Amend as Exhibit B.

DATED: October 21, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge