# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HARDING, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>vs.<br>TIME WARNER, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 09cv1212-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendant Time Warner, Inc. ("Time Warner") on November 10, 2009. (Doc. # 22).

## I. Background

On June 4, 2009, Plaintiff filed the Complaint in this Court, alleging federal question jurisdiction pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) and diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (Doc. # 1). On June 30, 2009, Time Warner filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 6).

On August 18, 2009, the Court granted the motion to dismiss, and dismissed the Complaint without prejudice. (Doc. # 10). The Court held that the Complaint failed to satisfy the pleading standards of the Federal Rules of Civil Procedure, as interpreted by the Supreme

Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937 (2009).

On October 21, 2009, the Court granted Plaintiff's motion for leave to file an amended complaint. (Doc. # 19). On October 27, 2009, Plaintiff filed the First Amended Complaint. (Doc. # 20).

### A.     Allegations of the First Amended Complaint

The First Amended Complaint contains three Counts, each a purported collective or class action.

Count I is an FLSA claim, brought on behalf of Plaintiff and the following: "all current and former non-exempt employees of Time Warner who have worked in the United States at any time during the last three years." (Doc. # 20 ¶ 8). Count I alleges: "Time Warner violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, Time Warner also willfully failed to keep accurate records of all hours worked by its employees." (Doc. # 20 ¶ 26). Count I further alleges:

> 30.     Time Warner breached its duty to Plaintiff and all Class Members to timely and accurately provide all wages due on a timely basis. The breach was caused by and through a standard and uniform system of accounting and compensation practice, commonly referred to as 'rounding.' The practice works in the following way: Time Warner retains an electronic timekeeping system whereby each Class Member's time worked is recorded to the exact minute (the 'work minute'). Time Warner then alters the time worked by 'rounding' such recorded time to the nearest 15 minutes (i.e. top of the hour, the 15-minute mark, the 30-minute mark, or the 45-minute mark).... For example, an employee who recorded his/her start time as 8:07 a.m. would have the time 'rounded,' to 8:00 a.m., but an employee who recorded his/her start time as 8:08 a.m. would have the time 'rounded' to 8:15 a.m.... Any presumption that such a practice results in an equal chance of 'gaining' or 'losing' recorded work-time is based on a belief that there is an equal chance of either possibility, and is thus erroneous, for two separate and distinct reasons.
>
> 31.     First, Time Warner possessed a standard policy and practice, whereby Class Members were instructed to refrain from reporting to work later than their scheduled time, or leaving earlier than their scheduled time, and were punished when they did so. However, Class Members only 'gain' time where they show up late, or leave early. As Time Warner restricted and/or precluded such options, and 'presumption' of an equal division of time-entries is in error.
>
> 32.     Second, [because] FLSA guidelines require the payment of Overtime Compensation for any work in one workweek in excess of 40 hours, any 'rounding' practices are conceptually flawed and serve to damage Class Members. For example, an employee who makes $8.00 an hour and is scheduled to work from 9 a.m. to 5 p.m. actually 'clocks-in' at 9:00 a.m. and

> 'clocks-out' at 4:56, the 'clock-out' time is 'rounded-up' to 5:00 p.m., and the employee 'gains' 4 minutes at the Regular Rate of Pay, or 53 cents.... However, where the same employee 'clocks-out' at 5:04 p.m., the time is 'rounded-down' to 5:00 p.m., and the employee 'loses' 4 minutes at the Overtime Rate of Pay, or 80 cents.... Where an employee has already worked 32 hours in the workweek, that time in excess of forty hours on the aforementioned workday is unequivocally overtime, yet Time Warner fails to pay as such. Thus, any presumption that the employees are fully paid for all time actually worked is in error.

(Doc. # 20 ¶¶ 30-32). "As a result of the ... willful violations of the FLSA's overtime pay provisions," Plaintiff seeks compensatory damages, liquidated damages, interest, attorney's fees and cost. (Doc. # 20 ¶ 37).

Count II is a claim for violation of the California Labor Code, brought on behalf of Plaintiff and "all current and former non-exempt employees of Time Warner who have worked in the state of California within the last three years." (Doc. # 20 ¶ 9). Count II contains the same allegations quoted above. (Doc. # 20 ¶¶ 40-42). Count II further alleges that, "due to its 'rounding policy,'" Time Warner violated the California Labor Code by failing to: "keep accurate 'Time records'"; "provide 'all wages' in a compliant manner"; "provide Overtime Compensation in a compliant manner"; "provide accurate Itemized Wage Statements"; and "comply with California Labor Code § 203 with respect to former employee[s] who were discharged, or who quit, employment." (Doc. # 20 ¶ 46 (quoting Cal. Labor Code § 204)). As a result of Time Warner's alleged violations of the California Labor Code, Plaintiff seeks "to recover wages due to Plaintiff ..., as well as recovery of interest, reasonable attorneys' fees, and costs." (Doc. # 20 ¶ 47).

Count III is a claim for unfair competition in violation of the California Business and Professions Code, brought on behalf of Plaintiff and "all current and former non-exempt employees of Time Warner who have worked in the state of California within the last four years." (Doc. # 20 ¶ 10). Count III alleges that "Time Warner's actions, including but not limited to the failure to maintain accurate employee time records, the failure to pay all wages earned, and the failure to pay overtime compensation, constitute fraudulent and/or unlawful and/or unfair business practices in violation of California Business and Professions Code §§ 17200, et seq." (Doc. # 1 ¶ 49). As a result of the violations alleged in Count III, Plaintiff

seeks restitution, preliminary and permanent injunctive relief, attorneys' fees and costs.

**B.     Motion to Dismiss**

On November 10, 2009, Time Warner filed the Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 22). Time Warner contends:

> Plaintiff's [First Amended Complaint] asserts the remarkable theory that when an employer combines the legal practice of rounding time entries with an unquestionably legal attendance policy, the employer somehow violates federal and California wage and hour law. Plaintiff's theory fails, however, because it is expressly premised upon the patently false assumption that when rounding is applied along with an attendance policy, employees can 'only 'gain' time if they show up late, or leave early.' That conclusion is incorrect on its face, as Plaintiff simply ignores the indisputable fact that employees also 'gain' time when they comply with an attendance policy by showing up 8 (or more) minutes early or leaving (8 or more) minutes after their scheduled shift ends. Thus, given that an employee complying with an attendance policy is at least as likely to benefit from rounding as to suffer any detriment, the presumption of legality attached to rounding remains intact.... [I]t is hardly surprising that no court or agency has ever held that a rounding policy may become unlawful if an employer requires its employees to arrive in time for their shifts and not leave early, and this Court should decline Plaintiff's invitation to set that precedent.
>
> Plaintiff's [First Amended Complaint] also should be dismissed for the separate reason that, while he asserts a new, entirely academic theory, he still fails to include any allegations showing that he was actually harmed by any policy, practice or act of Defendant Time Warner.... Indeed, Plaintiff fails to remedy the deficiencies that required the dismissal of his original Complaint, as he still alleges no facts showing that: (1) he actually worked overtime (much less the approximate number of hours worked); (2) he received less than all wages due and owing to him; (3) his own time records and wage statements were inaccurate; or (4) that he failed to receive any amounts owed to him upon discharge (or even that he was, in fact, discharged).

(Doc. # 22-1 at 1-2).

On November 30, 2009, Plaintiff filed an opposition to the Motion to Dismiss. (Doc. # 24). Plaintiff contends that the Motion to Dismiss is legally improper because it "asks the Court to make evidentiary presumptions," rather than considering all pleaded facts to be true. (Doc. # 24 at 1). Plaintiff also contends:

> The First Amended Complaint ... satisfies Rule 8 as it gives Defendant fair notice of the basis for Plaintiff's claims. It cannot be disputed that Time Warner actually understands the allegations, as it both argues against–and attempts to provide evidentiary support to counter–them. Further, noticeably absent from the Motion is any refutation of Plaintiff's factual allegations in Paragraphs 32 and 42 of the [First Amended Complaint] regarding the payment of overtime compensation to Class Members.

1 *Id.*

2 On December 7, 2009, Time Warner filed a reply brief in support of the Motion to
3 Dismiss. (Doc. # 25).

4 **II.    Standard of Review**

5 Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
6 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule
7 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
8 2001). When faced with a motion to dismiss, courts typically "look only at the face of the
9 complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A
10 court will grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim
11 to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
12 A plaintiff's complaint may be dismissed either for failing to articulate a cognizable legal
13 theory or for not alleging sufficient facts under a cognizable legal theory. *See Balistreri v.
14 Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "All allegations of material fact are
15 taken as true and construed in the light most favorable to the nonmoving party." *Cahill v.
16 Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however,
17 accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of
18 fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
19 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

20 "[A] court considering a motion to dismiss can choose to begin by identifying pleadings
21 that, because they are no more than conclusions, are not entitled to the assumption of truth.
22 While legal conclusions can provide the framework of a complaint, they must be supported by
23 factual allegations." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "When
24 there are well-pleaded factual allegations, a court should assume their veracity and then
25 determine whether they plausibly give rise to an entitlement to relief." *Id.*

26 **III.   Discussion**

27 The First Amended Complaint alleges that Time Warner "fail[ed] to pay and properly
28 calculate overtime" and "failed to keep accurate records of all hours worked by its employees."

1 (Doc. # 20 ¶ 26; *see also id*. ¶¶ 46, 49). These allegations are "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950; *see also Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' allegations do not support the conclusion that Wal-Mart is Plaintiffs' employer. Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.") (citing *Iqbal*, 129 S. Ct. at 1953; *Twombly*, 550 U.S. at 555); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (holding that the following allegations are too conclusory to satisfy the *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA" and "Defendant ... regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours actually worked" and "Defendant ... fail[ed] to keep accurate time records to avoid paying them overtime wages and other benefits").

The First Amended Complaint alleges that Time Warner's practice of "rounding," in combination with its attendance policy, results in a violation of the FLSA and California law. These allegations are insufficient in the same manner as were the allegations at issue in *Twombly*.

In *Twombly*, the Supreme Court considered the sufficiency of a complaint alleging that incumbent telecommunications providers had entered an agreement not to compete and to forestall competitive entry, in violation of the Sherman Act, 15 U.S.C. § 1. The plaintiffs in *Twombly* pleaded that the defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry ... and ha[d] agreed not to compete with one another." 550 U.S. at 551 (quotation omitted). The complaint also alleged that the defendants' "parallel course of conduct ... to prevent competition" and inflate prices was indicative of the unlawful agreement alleged. *Id.* (quotation omitted). The Supreme Court held that the plaintiffs' complaint was deficient under Federal Rule of Civil Procedure 8. The Court first noted that the plaintiffs' assertion of an unlawful agreement was a "legal conclusion" and, as such, was

not entitled to the assumption of truth. *Id.* at 555. The Court next addressed the "nub" of the plaintiffs' complaint–the well-pleaded, nonconclusory factual allegation of parallel behavior–to determine whether it gave rise to a "plausible suggestion of conspiracy." *Id.* at 565-66. Acknowledging that parallel conduct was consistent with an unlawful agreement, the Court nevertheless concluded that it did not plausibly suggest an illicit accord because it was also compatible with lawful, unchoreographed free-market behavior. *See id.* at 567. Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed. *See id.* at 570; *see also id.* at 557 ("When allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.").

Similarly, the allegations that Time Warner had a practice of "rounding" and an attendance policy are not sufficient to plausibly suggest a violation of the FLSA or California law. The First Amended Complaint does not contain specific factual allegations which suggest that, in practice, Time Warner's policies resulted in Plaintiff and other employees being underpaid. *Cf.* 29 C.F.R. § 785.48(b) ("It has been found that in some industries, ... there has been the practice for many years of recording the employees' starting time and stopping time to the nearest ... quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work."). The First Amended Complaint does not contain factual allegations showing that: Plaintiff worked overtime; Plaintiff received less than all wages due to him; and/or Plaintiff's time records or wage statements were inaccurate. *Cf. Villegas v. J.P. Morgan Chase & Co.*, No. C 09-00261, 2009 WL 605833, at *5 (N.D. Cal., Mar. 9, 2009) (holding that plaintiff did not allege sufficient facts to support a violation of the FLSA when the complaint only provided conclusory allegations that plaintiff "did not receive properly computed overtime wages"); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) ("[I]n order to survive a motion to dismiss ... where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours

worked for which these wages were not received."); *see also Jones*, 538 F. Supp. 2d at 1102 (same). The First Amended Complaint contains no factual allegations indicating when and where Plaintiff was employed by Time Warner. This is a minimal requirement necessary to enable a defendant to frame a response to a FLSA complaint. *See Acho v. Cort*, No. C 09-157, 2009 WL 3562472, at *3 n.2 (N.D. Cal., Oct. 27, 2009).

The First Amended Complaint fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8, and must be dismissed.

**IV.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**.  (Doc. # 22). The First Amended Complaint is **DISMISSED** without prejudice.

DATED:  January 26, 2010

**WILLIAM Q. HAYES**
United States District Judge